# SEAN KIELTY Esq.
## Attorney at Law
219 South Main Street
Flemington, NJ 08822

908-809-9818                                                                 seankieltyesq@gmail.com

January 20, 2015

BY ECF

The Honorable Lois H. Goodman
United States Magistrate Judge
Clarkson S. Fisher Federal Building & United States Courthouse
402 East State Street
Trenton, New Jersey 08608

**RE:** *Kielty v. FEMA, Civil Action No. 14-CV-3269 (PGS)(LHG)* **Memorandum in Support of Plaintiff's Motion for Reconsideration of Defendant's Motion for Protective Order**

YOUR HONOR:

    I am the pro se Plaintiff in the matter of *Kielty v. FEMA, Civil Action No. 14-CV-3269 (PGS)(LHG)*, a civil complaint for the enforcement of FOIA requests.   I respectfully write in support of this motion for reconsideration of the Court's December 8, 2014 protective order instructing me to destroy evidence of Defendant FEMA's violation of no fewer than 164 people's rights under the *Privacy Act, 5 U.S.C. § 552a*. The following is a concise argument in support of vacating the current protective order and the respectful request for an extension of the due date for the filing Plaintiff's opposition to Defendant's motion for said protective order to February 9, 2015.

## INTRODUCTION

    Plaintiff's motion for reconsideration of the current protective order filed on December 17, 2014 should be granted for the following reasons:

    1.  The protective order, in its current form, would compel **spoliation** of evidence in multiple Office of Special Counsel Investigations (OSC case numbers: **DI-15-0683** and **MA-15-1827**), that is not only prohibited by *Fed. R. Civ. P. 37*, but also could result in: civil sanctions, fraudulent concealment, sanctions, or an adverse trial inference, as well as criminal penalties for **tampering with evidence,** which is a fourth degree felony under *N.J.S.A. 2C:28-6.*   As such, this protective order, compelling the destruction of evidence to two active OSC investigations as well as civil litigation, is a direct violation of both civil and criminal law.

    2.   All arguments advanced by Defendant's counsel in opposing this motion for reconsideration fail to address those elements of each cited rule, statute, and/or precedent that support Plaintiff's motion.

    3.   Plaintiff submits that he has been under **economic duress**, **undue influence**, or both, from Defendant, who is also his employer, continuously, from the moment this litigation began, and therefore, warrants reconsideration of the Defendant's motion.

    4.   In addition to **economic duress**, **undue influence**, or both, pro se Plaintiff and the rights of the 164 individuals who have yet to be informed of the nature or magnitude of the violations to their rights under the *Privacy Act, 5 U.S.C. § 552a.*, are at a distinct disadvantage to Defendant FEMA and the U.S. Attorney's Office. With virtually unlimited legal resources at their collective disposals, both Defendant and Defendant's Counsel have no other constraints on their abilities to satisfy the timeliness and comprehensiveness of their legal arguments.

## ARGUMENT

    1.   Defendant's protective order dated Deceber 8, 2014, in its current form, would compel **spoliation** of evidence in an Office of Special Counsel Investigation (OSC case numbers: **DI-15-0683** and **MA-15-1827**), that is not only prohibited by *Fed. R. Civ. P. 37*, but also could result in: civil sanctions, fraudulent concealment, sanctions, or an adverse trial inference, as well as criminal penalties **tampering with evidence,** which is a fourth degree felony under *N.J.S.A. 2C:28-6*. As such, this protective order, compelling the destruction of evidence to two active OSC investigations, as well as civil litigation that Plaintiff alleges will uncover on-going fraud and conspiracy in hiring senior leadership positions on the part of FEMA, is a direct violation of both civil and criminal law. Therefore, the procedural timeliness of Plaintiff's submission of formal opposition to Defendant's motion for a protective order, while regrettable and for which Plaintiff is abjectly contrite, does not negate the fact that the protective order itself is prima facially unenforceable as it requires Plaintiff to violate the laws against **spoliation** and **tampering with evidence** addressed above.

    **Spoliation** of evidence in actual or prospective civil litigation occurs when relevant evidence is destroyed, causing interference with the administration and disposition of said action, *Manorcare Health v. Osmose Wood, 336 N.J. Super. 218, 226, 764 A.2d 475, 479 (N.J. App. Div. 2001)*. **Spoliation** of evidence can result in a separate tort actions for fraudulent concealment of evidence, discovery sanctions, or an adverse trial inference against those responsible for destruction of the evidence, *Rosenblit v. Zimmerman*, 166 N.J. 391, 400-06, 766 A.2d 749 (N.J. 2001). Remedies may include award of counsel fees if the **non-spoliating** party's ability to defend itself is compromised. *Grubbs v. Knoll, 376 N.J. Super. 420, 435-436,870 A.2d 713 (N.J. Super. A.D. 2005)*.   I submit to this court that destruction of this evidence, which is the entire basis for **OSC DI-15-0683**, and the partial basis for **OSC MA-15-1827**, would fundamentally compromise the ability of both Plaintiff as actual civil litigant, and the 164 individuals whose privacy were violated by Defendant as prospective litigants, to defend themselves.

**Tampering with evidence** is clearly defined in, *N.J.S.A. 2C:28-6, as "A person commits a crime of the fourth degree if, believing that an official proceeding or investigation is pending or about to be instituted, he: (1) Alters, destroys, conceals or removes any article, object, record, document or other thing of physical substance with purpose to impair its verity or availability in such proceeding or investigation; or (2) Makes, devises, prepares, presents, offers or uses any article, object, record, document or other thing of physical substance knowing it to be false and with purpose to mislead a public servant who is engaged in such proceeding or investigation.",* and completely on point in this situation as Defendant is attempting to *"destroy (1)"* evidence by using the protective order as a *"document (2)"* to perpetrate said destruction of evidence.

Defendant is, or should be, aware of the strength of the above argument which is the most likely cause for Defendant to fail to elaborate on precisely while the **spoliation/tampering with evidence** argument *"must be rejected"*.   For these reasons alone, Plaintiff's motion should be granted, and the current protective order should be vacated.

2.   All arguments advanced by Defendant's counsel in opposing this motion for reconsideration fail to address those elements of each cited rule, statute, and/or precedent that support Plaintiff's motion.   The crux of Defendant's argument opposing Plaintiff's motion for reconsideration appears to be the interpretation of *Local Rule 7.1(i)*, specifically the re-litigation of matters for which a judgment has already been entered.   If YOUR HONOR recalls, during a telephone conference on November 12, 2014, although it was not a formal hearing, Plaintiff and Defendant both articulated their respective positions, which included Plaintiff's concerns that Defendant's motion for this protective order constituted **spoliation** and **tampering with evidence**.   Based on the content of this telephone conference I respectfully suggest that YOUR HONOR may have *"overlooked"* the **spoliation** and **tampering with evidence** issues, therefore satisfying Defendant's concerns regarding Plaintiff's motion for reconsideration in this matter in accordance with *Local Rule 7.1(i)*.

Moreover, as this matter is in fact *"extraordinary"*, given the uniquely adversarial nature of the employee-employer relationship between the Plaintiff and Defendant, and Plaintiff is seeking only *"sparing"* reconsideration of this protective order so he may respond to the Defendant's original motion, granting Plaintiff's motion for reconsideration would comport with *Watkins Watkins v. DineEquity, Inc., No. 11-7182 (JBS/AMD), 2013 WL 396012 (D.N.J. Jan. 31, 2013) & Fletcher v. St. Joseph Reg'l Med. Ctr., No. 10-1499 (JLL), 2013 WL 3146879, (D.N.J. Jun. 19, 2013); see also ")*.   Also, no new legal arguments are being made, again all of Plaintiff's current arguments were asserted during the November 12, 2014 conference call with Defendant's counsel and YOUR HONOR, Plaintiff is only reiterating these arguments as they may have been *"overlooked"* outside a formal setting, *Warren v. Fisher, No. 10-5343(JBS/KMW)*, and therefore no *"fatal flaw"* exists under *Sampson v. Glock, Inc., No. 11-1701 (ES) or Kandil v. Yurkovic, No. 06-4701, 2013 WL 6448074, (D.N.J. Dec. 9, 2013)*.   Bearing these counter-arguments in mind, Plaintiff's motion should be granted, and the current

protective order should be vacated.

    3. Plaintiff submits that he has been under **economic duress**, **undue influence**, or both, from Defendant, who is also his employer, continuously, from the moment this litigation began, and therefore, this protective order warrants reconsideration. YOUR HONOR, exacerbating concerns over the security of retaining Plaintiff's position with FEMA, which is his primary source of income, Plaintiff's ability to prioritize, time manage, and make timely decisions was understandably, and temporarily, compromised and clouded by the specter of potential unemployment. Although Plaintiff did become aware of Defendant's allegedly retaliatory activities against Plaintiff on November 26, 2015, based on the four (4) elements of both **economic duress** and the qualifications for **undue influence,** Plaintiff has been under both the economic duress and undue influence of Defendant from the moment this litigation was initiated..

    The four (4) elements of **economic duress** are: 1) **Wrongful or improper threat; 2) no reasonable alternative; 3) the threat actually induces compliance with the duress; 4) The other party actually caused the financial distress**. 1) Plaintiff has been almost exclusively dependent on Defendant for his own, and his family's, financial survival, taking Plaintiff's employment contract into account, though not specifically, Plaintiff has been advised over the last year since his litigation began by superiors to avoid "rocking the boat", "the squeaky wheel gets replaced", and other seemingly innocuous threats to his livelihood. 2) Plaintiff has repeatedly offered Defendant reasonable settlements to *Kielty v. FEMA, Civil Action No. 14-CV-3269 (PGS)(LHG),* giving Plaintiff no acceptable alternative, again bearing jeopardy to his livelihood in the form of his employment contract with FEMA in mind, but to accept Defendant's unnecessary delays to and unjust demands on the judicial process as it relates to this litigation. 3) Threat to Plaintiff's employment with Defendant FEMA forces Plaintiff to continue to endure Defendant's unnecessary delays to and unjust demands on the judicial process with regard to this litigation. 4) And lastly, the Defendant has most certainly caused Plaintiff financial stress over the last year since litigation began, culminating in the retaliatory suspension of Plaintiff on December 4, 2014.

    Defendant's litigiously advantageous position over Plaintiff also qualifies as being within the first subgroup of **undue influence**, in that Plaintiff is forced to endure he unnecessary delays and unjust demands of Defendant in order to maintain his employment contract with Defendant, as this subgroup includes relationships between the government and citizen, Defendant and Plaintiff respectively, which raise a presumption of **undue influence**. As such, both **duress** and **undue influence** in Plaintiff's relationship to Defendant warrant reconsideration of this protective order, and therefore, Plaintiff's motion should be granted, and the current protective order should be vacated.

    4. In addition to **economic duress**, **undue influence**, or both, pro se Plaintiff and the rights of the individuals who have yet to be informed of the nature or magnitude of the violations to their rights under the *Privacy Act, 5 U.S.C. § 552a*, are at a distinct disadvantage to Defendant FEMA and the U.S. Attorney's Office. With virtually unlimited legal resources at their collective disposals, both Defendant and Defendant's

Counsel have no other constraints on their abilities to satisfy the timeliness and comprehensiveness of their legal arguments.   YOUR HONOR, please do not permit this advantage to result in a miscarriage of justice for current Plaintiff, or prospective Plaintiffs, both of whom at entitled to defend their respective rights, based on nothing but historical timeliness of Plaintiff's submissions while he was **unduly influenced** by and under **duress** from Defendant.   Plaintiff has only himself, working on this litigation alone, with the myriad other aspects of his life consuming his time - please do not let his misappropriation of said time prevent either him or others from attempting to protect and defend their legal rights and their pecuniary interests.   In the interests of justice, Plaintiff's motion should be granted, and the current protective order should be vacated.

## CONCLUSION

Based on the above arguments, Plaintiff respectfully submits this brief in support of his motion for reconsideration of the Court's December 8, 2014 protective order instructing Plaintiff to destroy evidence of Defendant FEMA's violation of no fewer than 164 people's rights under the *Privacy Act, 5 U.S.C. § 552a* should be granted, that the current protective order should be vacated, and an extension of the due date for the filing Plaintiff's opposition to Defendant's motion for said protective order to February 9, 2015 should be granted.

Respectfully submitted,
/s/SEAN KIELTY, Esq.
Attorney at Law

Cc: KRISTIN VASSSALLO, kristin.vassallo@usdoj.gov